Marjorie DIAMOND, Plaintiff–Appellant,

v.

**BELTMAN NORTH AMERICAN VAN LINES, Defendant–Appellee.**

**Docket No. 01–7656.**

United States Court of Appeals, Second Circuit.

Feb. 11, 2002.

Marjorie Diamond, New York, NY, Pro Se.

Ilene J. Feldman Law Office of Barry N. Gutterman, New York, NY, for appellee.

Present OAKES, CARDAMONE, and F.I. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment entered by said district court be and it hereby is AFFIRMED.

Pro Se Plaintiff–Appellant Marjorie Diamond ("Diamond") appeals from the judgment entered by the United States District Court for the Southern District of New York (Owen, J.) following her bench trial before a magistrate judge (Francis, M.J.). Judgment was entered in favor of Diamond in the amount of $1,050.00. We affirm.

Diamond challenges the amount of damages she was awarded for injury to her property caused by Beltman North American Van Lines ("Beltman"), the company she hired to move her furniture from Atlanta, Georgia to New York, New York.

■ The Carmack Amendment to the Interstate Commerce Act is the exclusive remedy a shipper may use to recover damages from a carrier for damage to property during shipment. *See Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373, 380–81 (2d Cir.1994). Under the Carmack Amendment, Beltman is liable for "the actual loss or injury caused" during delivery. 49 U.S.C. § 14706.

■ Diamond was unable to prove her damages because her relevant evidence—including the appraisal report and other documents in which salespeople or businesses purportedly noted the value of the damaged furniture—was properly excluded on hearsay grounds. Diamond did not call an appraiser or other expert witness, nor did she offer her own testimony or any other admissible evidence regarding the amount of damages to her belongings. Had she done so, she may have stood to recover considerable damages as her allegations suggest that Beltman faced potentially serious liability. Lamentably, Diamond's failure to submit such admissible evidence leaves her now without recourse. The only evidence before the magistrate

judge regarding damages was the letter Beltman had previously sent to Diamond admitting to damages of $1,050.00. Accordingly, the magistrate judge properly granted Beltman's motion for a directed verdict based only on the recovery of $1,050.00.

For the reasons set forth above, the judgment entered by the district court is AFFIRMED.